IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-10221-01-WEB |
| | ) | 09-1257 |
| SHAUN FITZGERALD, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM AND ORDER

Before the court is the defendant's Motion to Vacate under 28 U.S.C. § 2255 (Doc. 59). The defendant requests the court reopen his criminal case for re-sentencing following the successful appeal of a Kansas State criminal conviction.

I. History

The defendant was indicted on two counts possession with the intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a) and (b)(1)(A) and 18 U.S.C. § 2; and one count possession with the intent to distribute marijuana, in violation of 21 U.S.C. § 841(a) and (b)(1)(D) and 18 U.S.C. § 2. The defendant entered a plea of guilty to one count of possession with the intent to distribute marijuana and one count of possession with the intent to distribute methamphetamine, as well as a forfeiture count. The defendant did not object to the presentence report filed by the probation office, but at the time of sentencing, he argued for a sentence of 120 months imprisonment, a variance from the advisory guideline range of 235-293 months. The court considered the arguments of counsel, the advisory guideline range, and the factors of 18 U.S.C. § 3553(a), and determined a sentence of 180 months, a 55 month variance from the low end of the guideline range, would comply with the purposes of sentencing, and provide for a

sentence that was sufficient, but not greater than necessary. The defendant did not file a direct appeal of his sentence or conviction.

II. <u>Defendant's Motion Pursuant to § 2255</u>

The defendant has filed this 28 U.S.C. § 2255 motion for relief following his successful appeal of a state criminal conviction. After he was convicted and sentenced in this case, the defendant's conviction for possession of methamphetamine with intent to sell and possession without a tax stamp was reversed and remanded by the Kansas Supreme Court. <u>State of Kansas v. Fitzgerald</u>, 286 Kan. 1124, 192 P.3d 171 (2008). The Sedgwick County District Attorney's office then filed a Journal Entry requesting dismissal of the counts based on the Kansas Supreme Court's opinion. (Doc. 59-2). The defendant's conviction for driving on a suspended license was not overturned. The defendant argues that the court should recalculate his guideline sentence, and impose a sentence 55 months below the low end of the guidelines, or impose a sentence that is a 23.4% reduction from the new low end of the guideline sentence. This argument is based on the court's original reduction of 55 months from the guideline sentence.

The Government argues against granting the motion. The Government argues the defendant's sentence was less than the advisory guideline range, and under a recalculation with his lower criminal history category, his sentence continues to be less than the low end of the sentencing guidelines. The Government argues that the effect of a lower guideline range has no effect on the defendant's sentence.

III. <u>Discussion</u>

The Tenth Circuit has ruled that "if a defendant successfully attacks state sentences, he may then apply for reopening of any federal sentence enhanced by the state sentences." <u>United</u>

States v. Cox, 83 F.3d 336, 339 (10th Cir. 1996) (citing Custis v. United States, 511 U.S. 485, page n., 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994)).  The Cox court then said that the district court must determine the basis for the dismissal of the conviction, and whether it may be included in the calculation of the defendant's criminal history.   Id.  The Tenth Circuit has consistently determined that although a defendant may have successfully expunged or overturned his convictions, the court must decide, pursuant to the guidelines, if the conviction will count on the defendant's criminal history score.  Wyoming ex rel. Crank v. United States, 539 F.3d 1236, 1248 (10th Cir. 2008), United States v. Austin, 276 Fed.Appx. 736, 738 (10th Cir. 2008), United States v. Hines, 133 F.3d 1360, 1363 (10th Cir. 1998).  In United States v. Austin, 276 Fed.Appx. 736 (10th Cir. 2008), the Tenth Circuit ruled that Cox applies to a defendant that successfully attacks a federal sentence.  Id. at 738.

The Tenth Circuit has not reviewed a case like this one, where the defendant has successfully attacked a prior conviction, which will most likely effect his guideline range, but his sentence is  below the old and the new guideline range.  However, in the cases reviewed by this court, the language indicates the court should reopen sentencing regardless of the sentence imposed. "[T]he district court should have reopened defendant's sentence," United States v. Cox, 83 F.3d 336, 339 (10th Cir. 1996), "the Supreme Court's decision in Custis and Daniels allow a prisoner, like Mobley, to seek reopening of his federal sentence when a state court conviction, for which criminal history points were assessed, has been overturned," U.S. v. Mobley, 96 Fed.Appx. 127, 129 (10th Cir. 2004).  Therefore, this court has determined that the appropriate action is to reopen the defendant's sentencing.

IT IS THEREFORE ORDERED the defendant's Motion to Set Aside or Correct

Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 59) is GRANTED.

IT IS FURTHER ORDERED the defendant's Motion for Leave to Seal (Doc. 58) is GRANTED.

IT IS FURTHER ORDERED the probation office will prepare and file a new presentence investigative report and submit a copy to each party.

IT IS FURTHER ORDERED the United States Attorney's Office is ordered to have the defendant transported to the jurisdiction for re-sentencing.

SO ORDERED this 8th day of September, 2009.

    s/ Wesley E. Brown
Wesley E. Brown
Senior District Court Judge