IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,　　　) | |
| 　　　　　　　　　　　　　　　) | |
| 　　　　　　　　Plaintiff,　　　) | |
| 　　　　　　　　　　　　　　　) | |
| 　　　v.　　　　　　　　　　　) | Case No. 05-10221-WEB |
| 　　　　　　　　　　　　　　　) | |
| SHAUN P. FITZGERALD,　　　　) | |
| 　　　　　　　　　　　　　　　) | |
| 　　　　　　　　Defendant.　　) | |

MEMORANDUM AND ORDER

Before the court is the Defendant's Motion for Clarification of Sentence. (Doc. 70). The Defendant argues that the Bureau of Prisons is incorrectly computing his sentence, and asks this court to clarify the sentence to include jail credit pursuant to 18 U.S.C. § 3585.

Section 3585 addresses the calculation of a term of imprisonment: "(a) Commencement of sentence. A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served. (b) Credit for prior custody. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences - (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence." 18 U.S.C. § 3585.

The Attorney General, through the Bureau of Prisons, makes the sentence calculations and credit determinations. See United States v. Wilson, 503 U.S. 329, 331-32, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992). 18 U.S.C. § 3585 does not vest jurisdiction in the district court to review the Bureau of Prisons determination. The Defendant must raise his issue of credit first

with the Bureau of Prisons, and then seek judicial review pursuant to 28 U.S.C. § 2241.  United States v. Jenkins, 38 F.3d 1143, 1144 (10th Cir. 1994).  However, before the Defendant can file an action under section 2241, he must first exhaust his administrative remedies.  Williams v. O'Brien, 792 F.2d 986, 986 (10th Cir. 1986).

The Defendant does not seek relief pursuant to § 2241.  Furthermore, the Defendant has not set forth facts to show he has exhausted his administrative remedies.   This court is without jurisdiction to make sentence calculations and credit determinations.

IT IS THEREFORE ORDERED the Defendant's Motion for Clarification of Sentence (Doc. 70) be denied.

IT IS SO ORDERED this 20th day of May, 2010.


    s/ Wesley E. Brown
Wesley E. Brown
United States Senior District Court Judge